THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CASE NO 3:22-CV-0074-B

JACKSON PAVELKA and KAYLEE
PAVELKA,

    Plaintiffs,

v.

PELICAN INVESTMENT HOLDINGS
GROUP, LLC d/b/a AAP, AFFORDABLE
AUTO PROTECTIONS, LLC and
GUSTAV RENNY,

    Defendants.

_____/

## PELICAN INVESTMENT HOLDINGS GROUP, LLC d/b/a AAP AND GUSTAV RENNY'S RESPONSE TO ORDER TO SHOW CAUSE [D.E. 7]

Defendants, Pelican Investment Holdings Group, LLC d/b/a AAP ("AAP) and Gustav Renny ("Renny") (collectively "Defendants"), by and through undersigned counsel hereby respond to this Court's Order [D.E. 7] in the above styled case and for good cause would show unto the Court as follows:

1.    Plaintiffs, Jackson and Kaylee Pavelka ("Plaintiffs"), filed their Class Action Complaint on January 13, 2022 ("Complaint") [D.E. 1].

2.    Counsel for Plaintiffs reached out to undersigned counsel asking if undersigned counsel could accept service of the Complaint for all three named defendants. Undersigned counsel advised that he would accept service for AAP and Renny, but that he could not accept service for Affordable Auto Protections, LLC as he did not represent that entity and he was not even sure that is a valid entity. Undersigned did advise Plaintiffs' counsel that he did represent Affordable Auto

Protection, LLC and he would be able to do a waiver for Affordable Auto Protection, LLC if that entity was named and he would not object to an amended complaint being filed.

3. Plaintiffs' counsel properly and correctly filed the Waivers of Service for Defendants. However, since undersigned counsel had not appeared in the case, he never received a copy of the filed Waivers of Service and was not aware of the date that it was filed.

4. At the time the waivers were signed, undersigned counsel's associate who was assigned to work on the matter left the law firm, undersigned counsel's minor child was extremely sick and undersigned counsel's father was dealing with a serious medical issue that required him to have open heart surgery in February 2022 and a repeat visit to the emergency room. Undersigned counsel inadvertently never calendared the due date for a responsive pleading to be filed. None of the above listed events are an excuse, but rather just an explanation as to how this occurred.

5. On March 21, 2022, the Court entered an Order to Show Cause ("Order") as to why Defendants have not filed a responsive pleading [D.E. 7].

6. That same day, undersigned counsel called counsel for Plaintiffs and asked if he had any objection to a fourteen (14) day extension of time to respond and he did not object to the request for same.

7. Plaintiffs, as of the time of the entry of the Order [D.E. 7] and this Response, have not moved for the entry of a clerk's default (and this Court has yet to enter a default).

8. Renny intends to file a Motion to Dismiss as he is of the belief that this Honorable Court lacks personal jurisdiction over him and has attached the proposed motion hereto as Exhibit "A". AAP also intends on filing a motion to dismiss and has attached same to this Response as Exhibit "B".

9. Since a clerk's default has not been entered yet, there is no need for a default to be set aside. However, this Court has broad discretion in granting a motion for relief (if a default had been entered). *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. 1981). In exercising such discretion, the rule "should be liberally construed in order to do substantial justice." *Id.*

10. Here, undersigned counsel would represent to the Court that the failure to file a responsive pleading was an oversight and there is good cause to allow the case to proceed. In determining whether there is good cause, the Court should consider (1) the prejudice to plaintiff if the default is set aside; (2) the existence of a meritorious defense; and (3) defendant's culpable conduct. *M.B. v. Landgraf,* 2017 U.S. Dist. WL 5483862, *3 (E.D. Tex. Nov. 15, 2017) (*citing Scott v. Carpanzano*, 556 F. App'x 288, 293 (5th Cir. 2014)); *see also O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

11. There is good cause to allow Defendants to proceed in the defense of this matter, which includes the fact that it will not prejudice Plaintiffs. To show prejudice, "the plaintiff must show that setting aside the default judgment will result in loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Scott*, 556 Fed. App'x at 298 (*citing Lacy*, 227 F.3d at 293). "It is not enough that the plaintiff will be required to prove his case or that any potential recovery will be delayed." *Id.* The prejudice must involve more than the mere possibility of prejudice from delay inherent in every case. *Fine*, 2009 WL 793753, at *2. Here, Plaintiffs will not be prejudiced as Defendants have taken immediate action to correct the delinquent filings by filing this Motion within four (4) business days upon finding out about the entry of the Order [D.E. 7] and has attached proposed Motions to Dismiss to this Response. Further, Plaintiffs did not object to allowing Defendants the chance to file responsive pleadings.

12. Likewise, Defendants have meritorious defenses, which is evidenced by their Motions to Dismiss, attached hereto as Exhibits "A" and "B" respectively. Specifically: (1) Affordable (as defined in the Complaint) is not AAP; (2) Affordable does not do business as AAP; (3) Renny does not have any ownership in AAP; (4) Affordable has never benefitted from VSCs issued by AAP; and (5) AAP is a registered d/b/a name of a different corporate entity that is independent of Affordable. "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Scot*t, 556 Fed. App'x at 296 (*citing In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008)). In considering the meritorious defense requirement, Defendants need not prove that they will likely succeed on the merits; rather, they need only establish that the evidence submitted, if proven at trial, would constitute a defense. *See Fine v. Evergreen Aviation Ground Logistics Enterprise, Inc.*, 2009 U.S. Dist. WL 793753, at *3 (E.D. Tex. Mar. 20, 2009).

13. Lastly, Defendants' failure to respond to the Complaint was not willful. "A willful default is an intentional failure to respond to litigation." *Landgraf,* 2017 U.S. Dist. WL 5483862, at *4 (*quoting Scott*, 556 F. App'x at 294). Here, Defendants' failure to file a response by the deadline was not intentional, or the result of conscious indifference, but was simply due to mistake or accident, as explained in detail above. Defendants have, and maintain, every intention of making an appearance in this lawsuit and moving to dismiss the Complaint for the reasons stated above. As further evidence that Defendants' failure to respond was not intentional, undersigned counsel took steps to correct its default immediately upon becoming aware of the mistake. *See Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) (holding that, in deciding a motion to set aside a default, a court may consider whether the defendant acted expeditiously to correct its

default). Specifically, this Response was filed within four (4) days from the date undersigned counsel learned of the Order and has attached proposed Motions to Dismiss to this Response.

WHEREFORE, Defendants hereby file this Response to the Order to Show Cause [D.E. 7] and request that the Court consider their respective Motions to Dismiss to be filed on this day.

### CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.1(b)(2)

On March 21, 2022, undersigned counsel spoke with counsel for Plaintiffs via telephone and to comply with this local rule. Plaintiffs' counsel did not object to up to fourteen (14) days within which to respond to the Complaint.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day March 2022, I electronically filed the following document with the Clerk of the Court using the CM/ECF system which automatically gives notice to all counsel of record.

By: _s/      Jason S. Weiss_
Jason S. Weiss
Florida Bar No. 356890
**WEISS LAW GROUP, P.A.**
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Tel: (954) 573-2800
Fax: (954) 573-2798
Jason@jswlawyer.com
*Attorneys for Renny and AAP*