## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

### CASE NO 3:22-CV-0074-B

**JACKSON PAVELKA and KAYLEE PAVELKA,**

      **Plaintiffs,**

**v.**

**PELICAN INVESTMENT HOLDINGS GROUP, LLC d/b/a AAP, AFFORDABLE AUTO PROTECTIONS, LLC and GUSTAV RENNY,**

      **Defendants.**

_____/

## DEFENDANT, GUSTAV RENNY'S, MOTION TO DISMISS PLAINTIFFS, JACKSON PAVELKA AND KAYLEE PAVELKA'S, CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ACTION ALLEGATIONS

Defendant, Gustav Renny ("Renny"), by and through undersigned counsel, hereby files this Motion to Dismiss Plaintiffs, Jackson Pavelka ("Jackson") and Kaylee Pavelka's ("Kaylee") (collectively "Plaintiffs"), Class Action Complaint ("Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and Motion to Strike Class Action allegations contained therein pursuant to Federal Rules Civil Procedure 23, and states as follows:

## I.     INTRODUCTION.

Plaintiffs, by and through mere conclusory allegations and unsupported facts, claim that the three (3) named defendants collectively violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Texas Business and Commercial Code, §302.101 and §305.053 ("TBCC") when Kaylee allegedly received one (1) unlawful phone call to her cellular telephone, which is owned by Jackson, at the number (817) 805-4742 ("Subject Call").  Nowhere in the

1



Complaint do Plaintiffs plausibly link Pelican Investment Holdings, LLC d/b/a AAP ("AAP") or Renny to the alleged call. *See* Complaint generally [D.E. 1].

Additionally, Plaintiffs claim that the Subject Call was made using pre-recorded voice recordings, but provides nothing to support these mere blanket statements. Plaintiffs allege that the Subject Call was made using an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice. *See* Complaint ¶ 4.2 [D.E. 1]. Plaintiffs fail to even ascertain for certain, whether Kaylee's cellular telephone was, in fact, on the National Do-Not-Call Registry ("Registry"). Instead, Plaintiffs rely on mere suppositions that Kaylee's cellular telephone number either is, or has been, on the Registry, while also failing to provide any support thereof. *See* Complaint ¶ 1.3 [D.E. 1].

What is most troubling is that Plaintiffs name Renny in his individual capacity. Renny is merely a consultant that handles compliance for AAP. Renny is not an officer, director, owner or member of AAP. Even assuming *arguendo* that AAP engaged in this purported unlawful behavior violating the TCPA as alleged in the Complaint, Plaintiffs fail to allege sufficient facts to support the exercise of personal jurisdiction over Renny. There is no basis for this Court to assert personal jurisdiction over Renny, a non-resident, domiciled in Florida, who has never conducted business, owned property, nor done anything to purposefully avail himself of the benefits and protections of the State of Texas and who is not an owner or member of AAP. As such, the Complaint against Renny must be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Plaintiffs also fail to allege sufficient facts to hold Renny individually liable under the TCPA, the TBCC, or to even establish that Renny had any involvement whatsoever in the Subject

Call. Based on the foregoing, the Complaint fails to state a claim against Renny for which relief may be granted and must be dismissed pursuant to Federal Rule of Civil Procedure12(b)(6).

## II.    STATEMENT OF FACTS.

1.    On January 13, 2022, Plaintiffs initiated this lawsuit by filing their Complaint asserting claims against Defendants arising under the TCPA and TBCC.

2.    Renny has been implicated in this case in his individual capacity, despite never having acted in his individual capacity. A complete and accurate copy of Renny's Sworn Declaration is attached hereto as Exhibit "A".

3.    Renny resides and is domiciled in Palm Beach County, Florida. *See* Exhibit "A".

4.    Renny has resided in Florida since 1999. *See* Exhibit "A".

5.    Renny has never lived in, or maintained a mailing address in, Texas. *See* Exhibit "A".

6.    Renny does not own or lease, and has never owned or leased, any real property in Texas and does not conduct any business in or otherwise have financial ties to Texas. *See* Exhibit "A".

7.    Renny does not personally conduct any business in or otherwise have financial ties to Texas. *See* Exhibit "A".

8.    Renny has never personally entered into a contract with a Texas resident and has never personally entered into a contract that was to be performed in whole or in part in Texas. *See* Exhibit "A".

9.    Renny has never maintained a bank account in the State of Texas. *See* Exhibit "A".

10.    Renny has never committed a tort in whole or in part in the State of Texas. *See* Exhibit "A".

11.     Renny does not have, and has never had, any continuing and systematic contacts with the State of Texas. *See* Exhibit "A".

12.     Renny has not availed himself to the laws and/or privileges of Texas. *See* Exhibit "A".

13.     Renny is not an alter ego of Affordable or AAP. *See* Exhibit "A".

14.     Renny has never comingled any of his personal assets or funds with that of AAP, has never paid any debts of AAP with his personal funds and has never personally promised to pay the debts of AAP. *See* Exhibit "A".

15.     Renny did not make any telephone calls to Kaylee's cellular telephone, which is owned by Jackson, at the number (817) 805-4742, which alleged call forms the basis for Plaintiffs' claims set forth in the Complaint.  Furthermore, Renny did not have any role in making the Subject Call, did not direct anyone else to make the Subject Call, and does not have knowledge that the Subject Call was allegedly being made. *See* Exhibit "A".

16.     The Complaint should be dismissed against Renny because the Court lacks personal jurisdiction over him.[1]

17.     Regardless of the merits of Plaintiffs' claims that the Subject Call was unlawful, Renny had no involvement with the Subject Call. *See* Exhibit "A".

18.     The Complaint is completely devoid of factual support for the claims set forth therein.

---

[1] Renny's appearance is a "special appearance" for the limited purpose of disputing this Honorable Court's jurisdiction. The filing of this Motion to Dismiss shall not be construed as Defendant submitting himself to the jurisdiction of this Court.

III.    **MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2).**

*The Court lacks personal jurisdiction over Renny in the instant matter.*  Before the Court can even consider the allegations made in the Complaint, the Court must first have the power to hear the case and possess jurisdiction over the parties. Pursuant to Federal Rule of Civil Procedure 12(b)(2), the exercise of personal jurisdiction over a non-resident defendant is proper when: (1) the non-resident is subject to jurisdiction under the laws of the state in which the court sits; and (2) the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985); *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 867 (5th Cir. 2001).

When, as in the case at hand, "an action invoking the court's federal-question jurisdiction is based on a statute that does not provide for nationwide service of process, the court looks to the law of the forum state governing personal jurisdiction to determine if the defendant is amenable to process in the forum state." *Davis v. Leavitt*, No. 4:12-CV-739-A, 2013 WL 1155375, at *1 (N.D. Tex. Mar. 19, 2013) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-05 (1987)); *see* Federal Rule of Civil Procedure 4(k)(1); *see also Casso's Wellness Store & Gym*, L.L.C. *v. Spectrum Lab. Prod., Inc.,* No. CV 17-2161, 2018 WL 1377608, at *4 (E.D. La. Mar. 19, 2018) (noting that the TCPA does not provide for nationwide service of process).

Since the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the due process clause of the Fourteenth Amendment, only the federal due process inquiry need be addressed.  *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); Tex. Civ. Prac. & Rem. Code § 17.041 *et seq*. "Exercising personal jurisdiction over a nonresident defendant is compatible with due process when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum

state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp.*, 253 F.3d at 867.

The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There are two (2) types of minimum contacts: those giving rise to general jurisdiction and those giving rise to specific jurisdiction. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010), cert. denied, 131 S. Ct. 3091 (2011).

General jurisdiction exists where the nonresident's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Alpine View Co. Warranty Services, Inc. v. Atlas Copso AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific jurisdiction is appropriate where the nonresident has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that arise out of or relate to those activities." *Alpine View Co. Warranty Services, Inc.*, 205 F.3d at 215 (quoting *Burger King Corp.*, 471 U.S. at 472) (quotations omitted). It is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The plaintiff has the burden of establishing minimum contacts. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989).

"A plaintiff's allegations are 'taken as true except to the extent that they are contradicted by defendant's affidavits.'" *Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 476

(E.D. Tex. 2019) (quoting *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 U.S. Dist. LEXIS 101757, at *4 (E.D. Tex. June 19, 2018)).

> ***There are insufficient minimum contacts to establish general jurisdiction over Renny.***
As noted above, a court may assert general jurisdiction over a nonresident defendant when its contacts are substantial, continuous, and systematic. *Central Freight Lines Inc.*, 322 F.3d at 381 (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414). As reaffirmed by the Supreme Court of the United States ("SCOTUS"), these contacts must be "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). The Fifth Circuit has "consistently imposed the high standard set by SCOTUS when ruling on general jurisdiction issues." *Johnston v. Multidata Systems Int'l. Corp.,* 523 F.3d 602, 610-11 (5th Cir. 2008). Moreover, when a nonresident defendant timely challenges the existence of personal jurisdiction, the plaintiff bears the burden of proving that the Court, in fact, does have personal jurisdiction over the nonresident defendant. *Id.*; *see also Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986).

In the instant matter, the Court lacks general jurisdiction over Renny. Specifically, in his individual capacity, Renny is a resident of Florida with no direct ties to Texas. *See* Exhibit "A". Moreover, Renny has never conducted business in Texas and has never availed himself to the laws and privileges of Texas. *See* Exhibit "A". Furthermore, Plaintiffs do not even specifically allege that the Court has personal jurisdiction over Renny, let alone provide any factual support thereof. *See* Complaint generally [D.E. 1]. Based on the fact that Plaintiffs have not alleged that the Court has general jurisdiction over Renny and because Plaintiffs have alleged no facts showing that Renny made any or has any contacts with Texas, substantial, continuous, systematic, or otherwise, Plaintiffs have failed to make a *prima facie* showing of general jurisdiction over Renny.

***There are insufficient minimum contacts to establish specific jurisdiction over Renny.***

Specific jurisdiction over a non-resident defendant exists where: (1) the "defendant has minimum contacts with the forum state, i.e., . . . it [has] purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) . . . the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) . . . the exercise of personal jurisdiction is fair and reasonable." *Alexander v. Greenwood Hall, Inc.*, CIVIL ACTION NO. 4:18-CV-04540, 2019 U.S. Dist. LEXIS 113956, at *32 (S.D. Tex. July 8, 2019) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). "[T]he plaintiff bears the burden of satisfying the first two prongs; *if the plaintiff is successful*, the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable." *Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10 (emphasis added) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

The first two (2) prongs of the test for specific jurisdiction simply cannot be met here as Renny has no connection to the Subject Call to warrant finding a connection to this forum with regard to the allegations giving rise to this case. *See Havel v. Honda Motor Europe Warranty Services, Inc.,* No. H-1291, 2014 WL 4967229, at *15 (S.D. Tex. Sept. 30, 2014) (finding the plaintiffs did not meet the burden necessary to impute a defendant's actions to another where the defendant never directed the other defendant to "take action" with respect to the State of Texas and the plaintiffs did not allege or show how the defendant "direct[ed] its agents or distributors to take action" with respect to Texas).

Plaintiffs merely allege that "[Renny] participated in the illegal telemarketing by personally approving the calling campaign and directing the activities of the individuals that made the calls." *See* Complaint ¶ 2.5 [D.E. 1]. However, Plaintiffs fail to provide any facts or specificity

to plausibly support a claim for personal jurisdiction over Renny. *See* Complaint generally [D.E. 1]. "If the defendant's affidavits directly contradict the plaintiff's jurisdictional allegations, the court "must determine whether the plaintiff[] ha[s] established a *prima facie* case of personal jurisdiction through nonconclusory allegations supported by admissible evidence." *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015). Plaintiffs' allegations are insufficient and rebutted by Renny's Sworn Declaration attached as Exhibit "A". Plaintiffs have failed to make a *prima facie* showing of specific jurisdiction over Renny.

*The exercise of personal jurisdiction over Renny would offend principles of fair play and substantial justice.* Only when the Court finds minimum contacts with the forum exist does it need to determine whether the exercise of personal jurisdiction over a defendant would comply with the traditional notions of fair play and substantial justice. *Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10; *see also Matheson Tri-Gas, Inc. v. FlexTM, Inc.*, No. 4:18-CV-0248, 2018 U.S. Dist. LEXIS 87195, at *8 (S.D. Tex. May 24, 2018) ("In addition to minimum contacts, due process requires the exercise of personal jurisdiction to comply with traditional notions of fair play and substantial justice." (quoting *Dejoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 388 (5th Cir. 2015))). In order to comply with the notions of fair play and substantial justice, "[t]he relationship between the defendant and the forum state must be such that it is reasonable to require the [company] to defend the particular suit." *Hargrove v. Underwriters at Lloyd's*, 937 F. Supp. 595, 606 (S.D. Tex. 1996) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

As already explained at length, Renny has no relationship with Texas that would make it reasonable for him to defend a lawsuit in this forum. *See* Exhibit "A". In fact, it is inherently unreasonable to require Renny to travel to Texas to defend himself from baseless accusations.

Thus, the notions of fair play and substantial justice do not support a finding of personal jurisdiction over Renny, and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). In an abundance of caution, if the Court does not want to dismiss the instant matter based on the aforementioned argument, then the Court should still dismiss the case based on the additional reasons set forth below.

## IV.    MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

***Plaintiffs fail to state a cause of action for which relief can be granted.***   "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* at 678*.* "While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. 544, 555 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555. Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the…law[] in ways that have not been alleged."

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, [the Complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).

**Plaintiffs fail to establish when and if they allegedly enrolled on the Registry**. Liability under the TCPA requires, as an essential element, that Plaintiffs were registered on the Registry at the time of the alleged calls.  In the instant matter, Plaintiffs merely claim that "[t]he cellular residential telephone number 817.805.4742 (the "Telephone Number") is/was listed on the national Do Not Call Registry." *See* Complaint ¶ 1.3 [D.E. 1].  This is wholly insufficient to support Plaintiffs' claims under the TCPA because Plaintiffs fail to establish (1) when they allegedly enrolled on the Registry; (2) how long they have allegedly been enrolled on the Registry; and (3) if they were allegedly enrolled on the Registry at the time of the Subject Call. This is merely a bare bones recitation of the elements with absolutely no factual support thereof.

Plaintiffs' enrollment on the Registry is a material assertion that is an essential element to all of Plaintiffs' claims and greater detail is necessary in order for Defendant to mount a proper defense. Accordingly, Plaintiffs have failed to establish a *prima facie* cause of action under the TCPA, and the Complaint must be dismissed as a matter of law.

**Plaintiffs fail to identify the alleged caller(s) or to provide any factual basis that AAP or Renny had any control over the unidentified caller(s).** Plaintiffs merely allege that "Defendants were attempting to sell a vehicle service contract to Plaintiffs." *See* Complaint ¶¶ 10.4 [D.E. 1]. However, by Plaintiffs' own admission, their assertions should not survive dismissal. Plaintiffs admit that Kaylee did not receive any information about the purported caller(s) until after she voluntarily purchased a VSC on the first Subject Call.  *See* Complaint ¶ 10.4.5 [D.E. 1]. Moreover,

Plaintiffs fail to even allege which of the three (3) names Defendants allegedly made the Subject Call. *See* Complaint generally [D.E. 1].

Consequently, Plaintiffs fail to provide (nor could they) any factual basis that the Subject Call was made by AAP, came at the direction of AAP or that AAP had anything to do with the Subject Call or that Renny has any control over AAP and the alleged call. *See* Complaint generally [D.E. 1]. This is arguably the most significant material allegation regarding the entire Complaint because the alleged call could have come from **anyone** and regardless of who it was from, it was not from Renny!

Overall, Plaintiffs fail to provide any factual support as to the alleged origination of the Subject Call and fail to plausibly link the Subject Call to AAP. In doing so, Plaintiffs provide zero basis to support any claims against Renny. This is a fatal flaw in the Complaint that Plaintiffs will not be able to correct. It would be completely unreasonable to expect Renny to defend himself against such a painfully threadbare Complaint that is completely devoid of factual support.

***Plaintiffs fail to establish personal liability against Renny.*** "An officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute and was not merely tangentially involved." *Cunningham v. Prof'l Educ. Inst., Inc.*, NO. 4:17-cv-00894-ALM-CAN, 2018 U.S. Dist. LEXIS 215107, at *11 (E.D. Tex. Nov. 5, 2018) (quoting *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001)). "However, merely naming a corporate officer as being liable for the actions of the corporation due to this employment status is insufficient for the officer to be held jointly and severally liable under the TCPA." *Id.* Thus, in order for Renny to be held liable individually, Plaintiffs must have alleged or otherwise shown (but failed to do so) that Renny *actually participated* in the TCPA violation or show that Renny *sufficiently controlled* the policies and

practices to be the driving force behind the TCPA violations. (emphasis added). *See Prof'l Educ.,* 2018 U.S. Dist. LEXIS 215107, at \*12. Renny is not an officer or an employee of AAP, he is merely a consultant.

Here, similar to the plaintiff's allegations in *Prof'l Educ.*, Plaintiffs have failed to allege anything outside of the "lump" pleadings that Renny directly participated in making any of the calls at issue. *See* Complaint generally [D.E. 1]. In *Prof'l Educ.,* the court determined that the plaintiff's allegations were insufficient for purposes of imposing personal liability against the individual defendants under the TCPA, stating that "Plaintiff does not allege that [individual defendants] made any of the violating calls, how they had authority to direct any such calls, and/or otherwise indicate how they had any personal involvement whatsoever in the violative phone calls made to Plaintiff's cellular phone." *Id.* Similarly, in the instant matter Plaintiffs fail to allege that (1) Renny personally authorized any of the calls at issue, (2) any specific action was taken by Renny, (3) what authority Renny had to direct such calls, or (4) Renny participated in the calls at issue. *See* Complaint generally [D.E. 1]. Consistent with the court's determination in *Prof'l Educ.*, Plaintiffs' conclusory allegations here are not sufficient to establish vicarious liability against Renny.

Renny is being sued in his individual capacity merely because he provides consulting services to AAP, even though he is not an officer, director or member. The Complaint is littered with conclusory allegations of vicarious liability with no factual allegations to support those legal conclusions. In regard to Renny, Plaintiffs claim "Renny, along with the other Defendants, controlled and used the autodialing equipment at issue and "developed or authorized the policies and procedures that led to violations of the TCPA." *See* Complaint ¶ 2.7 [D.E. 1]. This is merely a recitation of the elements of vicarious liability against a corporate officer, without any factual

support thereof. This misses the mark completely as Renny is not a corporate officer or an employee of AAP.  He isnothing more than a consultant. Plaintiffs fail to allege any facts that would show any type legal agency relationship between Renny and the other defendants. In the absence of such, it cannot be said that Plaintiffs make a claim for vicarious liability against Renny for any alleged violations under the TCPA. Thus, the Complaint must be dismissed because, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). Renny is not a corporate officer of AAP. Therefore, the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## V.   MOTION TO STRIKE CLASS ALLEGATIONS.

In the event that Plaintiffs' TCPA and TBCC claims somehow survive dismissal (which they should not), the Court must strike Plaintiffs' faulty class definitions and other class related allegations from the Complaint pursuant to Rule 23. A court should address whether to certify a purported class "[a]t an early practicable time," and if a court determines that the prerequisites of Rule 12(f) cannot be satisfied, it may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." *See* Federal Rules of Civil Procedure ("FRCP"), Rules 23(c)(1)(A) and 23(d)(1)(D).

The pleadings, including allegations contained within the Complaint, govern the scope of discovery. *See* FRCP , Rule 26(b)(1). Thus, in a TCPA case, permitting a facially uncertifiable class to proceed to discovery can result in a defendant being required to respond to burdensome and expensive discovery regarding every call it made during the class period on the grounds that each call could potentially be a TCPA violation, even though a class that broad could never be certified under FRCP, Rule 23. *See Twombly*, *supra,* 550 U.S. at 558-59 (emphasizing the expense

14

and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

*Plaintiffs' proposed class allegations should be stricken because Plaintiffs seek injunctive relief secondary to statutory monetary damages.* Specifically, Plaintiffs primarily seek statutory monetary damages. *See* Complaint Prayer for Relief ¶ 15 [D.E. 1]. Secondary to the aforementioned statutory monetary damages, Plaintiffs also seek injunctive relief. *See* Complaint Prayer for Relief ¶ 15 [D.E. 1]. Claims for injunctive relief may only be certified under Fed. Rules Civ. Proc., rule 23(b)(2) where the monetary relief sought is incidental to the injunctive or declaratory relief sought. In other words, under FRCP , Rule 23(b)(2), certification is proper only when injunctive or declaratory relief is the predominant remedy requested for the putative class members. *See Wal-Mart Stores, Inc., supra,* 131 S. Ct. at 2557; *see also Progressive Health & Rehab Corp. v. Quinn Med., Inc.* (S.D. Ohio 2017) 323 F.R.D. 242, 248 (plaintiff's claim for injunctive relief was stricken because plaintiff sought an individualized award of monetary damages under the TCPA that was not incidental to plaintiff's claim for injunctive relief.) The same result should occur here and Defendant requests that Plaintiffs' request for injunctive relief be stricken.

*Plaintiffs' proposed class definitions should be stricken because they are facially overbroad, and the proposed classes are uncertifiable.* In the instant matter, it is axiomatic that a putative "class must not be defined so broadly that it encompasses individuals who have little connection with the claim being litigated; rather, it must be restricted to individuals who are raising the same claims or defenses as the representative." *See* 7A Wright & Miller, Federal Prac. & Proc. § 1760 (3d ed. 2005). Rule 23(a) contains four prerequisites for class certification: numerosity,

commonality, typicality, and adequacy. A plaintiff seeking class certification has the burden proving that the proposed class meets the four requirements. Failure to satisfy even one of these elements precludes class certification. After the plaintiff has passed the initial Rule 23(a) threshold, the plaintiff must satisfy one of the conditions of Rule 23(b) (one of which is predominance) in order to gain class certification.

In this case, Plaintiffs' proposed class definitions include the following:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendants (or an agent acting on behalf of Defendants) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiffs.

**Defendants Do Not Call Class:** All persons in the United States whose, (1) telephone numbers have previously been provided to Defendants in connection with a request to no longer be called (2) but received a telephone solicitations from or on behalf of Defendants in a twelve-month period (3) including at least one telephone solicitation from or on behalf of Defendants more than 30 days after requesting to no longer be called (4) from four years prior to the filing of the Complaint.

**The Texas 305 Do Not Call Class:** All persons in the state of Texas from four years prior to the filing of this action through the present who (A) (1) Defendants (or an agent acting on behalf of Defendants) called where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (2) for the purpose of selling Defendants' products and services; and (3) for whom Defendants claims it obtained prior express written consent in the same manner as Defendants claims it supposedly obtained prior express written consent to call the Plaintiffs; or (B) received one or more calls after registering the landline, wireless, cell or mobile telephone number on which they received the call(s) with Defendants' internal Do-Not-Call list.

**The Texas 305 Pre-recorded Message Class:** All persons in the state of Texas who (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendants (or an agent acting on behalf of Defendants) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place the telephone call to Plaintiffs.

**The Texas Registration Class:** All persons in the state of Texas from four years prior to the filing of this action through the present (or an agent acting on behalf of Defendant) to whom Defendant (or an agent acting on behalf of Defendant) made a telephone solicitation.

These proposed definitions are facially overbroad and the proposed classes are uncertifiable because Plaintiffs did not properly or sufficiently exclude potential class members. Specifically, Plaintiffs failed to exclude persons that: (1) consented to be called (*i.e.,* provided "prior express invitation or permission"), (2) have an "established business relationship" with AAP, or (3) did not use their phone for "residential" purposes. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), 64.1200(f)(5) & 64.1200(f)(14) (no DNC violation for calls made with the "prior express invitation or permission" of recipient or where recipient has an "established business relationship" with the caller); *see also Abante Rooter and Plumbing, Inc. v. Pivotal Payments, Inc.* (N.D. Cal. 2017, No. 16-CV-05486-JCS) 2017 WL 733123, at 9 (Section 227(c) "applies to TCPA violations based on calls made to residential telephone subscribers, not cellular telephones"); *see also Licari Family Chiropractic Inc. v. eClinical Works, LLC* (M.D. Fla. 2019) 2019 WL 7423551, at 3–5 (denying class certification in TCPA case where proposed class did not exclude individuals who solicited the fax in question and therefore had no claim).

Moreover, Plaintiffs allege that the defendants allegedly called Kaylee. Plaintiff, Jackson proposes, however, to define a class on half of himself. *See* Complaint ¶ 11.2 [D.E. 1]. Based on Plaintiffs' definitions, there is a significant difference as it relates to whom the call was allegedly made to versus who owns the cellular telephone. Further review of Plaintiffs' Complaint also reveals a number of other areas where commonality of the claims across a putative class would fail.  For every number that Plaintiffs allege would fall within the putative class, there will be individualized questions with regard to: 1) whether the person identified from telephone records who received a

17

call actually picked up the call (i.e., did the call go to an answering machine); 2) whether that person opted in, and in what manner, to receive a call; 3) whether that person pressed "1" to be connected to an agent; 4) whether the person pressed "1" and opted in to receive additional information about the VSCs; 5) whether that person ultimately chose to purchase the VSC. Accordingly, individualized issues predominate over any common questions of law or fact in regard to Plaintiffs' Complaint. Plaintiffs will not be able to meet the requirements of FRCP 23(a)(2) and 23(b)(3), and accordingly, Plaintiffs' class action should be dismissed under FRCP 12(b)(6), or in the alternative, be stricken under FRCP 23(c)(1)(A).

**Plaintiffs have provided no evidence that they are adequately represented.** Plaintiffs have not shown that the proposed class is adequately represented because they have provided no sworn evidence that Plaintiffs will fairly and adequately protect the interests of the Classes. The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157–158, n. 13 "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977) (quoting S*chlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 2930, 41 L.Ed.2d 706 (1974)). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997).

Here, Plaintiffs argue that they will fairly and adequately represent and protect the interests of the Classes and that there are no conflicts of interest between Plaintiffs and the members of the Classes. *See* Complaint ¶ 11.4 [D.E. 1].  Plaintiffs again fail, however, to provide any evidence into the record as to how they will fairly and adequately represent the Classes' interest or that no conflicts of interest exist. Just because Plaintiffs state that this is the case does not make it so.

18

Defendant cannot simply accept Plaintiffs' assertions on their face. Defendant submits that he would also benefit from targeted, limited discovery on this issue before this Court moves to certify the class. Since no evidence has been submitted by Plaintiffs supporting their assertions that the Classes are adequately and fairly represented, and that no conflicts of interest exist amongst the members of the class, Plaintiffs' class certification must be denied.

## VI. CONCLUSION.

Renny must be dismissed as a matter of law because (1) the court lacks personal jurisdiction over him and (2) Plaintiffs have failed to sufficiently state a claim for which relief may be granted. Moreover, allowing Plaintiffs leave to amend and to allege that Renny is somehow liable would be futile because no set of facts could reasonably cure the fatal deficiencies described herein or justly impute liability on Renny for the Subject Call. Therefore, any request to amend the pleadings should be denied. *See Walker v. Beaumont Indep. Sch. Dist.,* 2016 U.S. Dist. LEXIS 41408, at *51 (E.D. Tex. Mar. 11, 2016) (finding when "a claim is frivolous or the 'complaint alleges the plaintiff's best case,' a further factual statement from the plaintiff need not be allowed.") (quoting *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)).

WHEREFORE, Defendant, Gustav Renny, respectfully moves this Court to enter an Order dismissing Plaintiffs, Jackson Pavelka and Kaylee Pavelka's, Complaint in its entirety with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), to strike the class action allegations contained therein under Federal Rules of Civil Procedure 23, and for such further relief as this Court finds proper and just.

Dated: March 25, 2022.                                    Respectfully Submitted,


By:    /s/ *Jason S. Weiss*
        Jason S. Weiss
        **WEISS LAW GROUP, P.A.**
        5531 N. University Drive, Suite 103
        Coral Springs, FL 33067
        Phone: 954.573.2800
        Fax: 954.573.2798
        jason@jswlawyer.com
        *Counsel for Defendant, Gustav Renny*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of March, 2022, the foregoing document was filed

through the Court's electronic filing system and will be sent electronically to the parties.


By:    /s/ *Jason S. Weiss*
        Jason S. Weiss
        *Counsel for Defendant, Gustav Renny*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**CASE NO.: 3:22-cv-74-B**

Jackson Pavelka and Kaylee Pavelka,
individual and on behalf of a class

     *Plaintiffs,*

v.

PELICAN INVESTMENT HOLDINGS
GROUP, LLC d/b/a AAP, AFFORDABLE
AUTO PROTECTIONS, LLC and
GUSTAV RENNY,

     *Defendants.*

_____/

### DECLARATION OF GUSTAV RENNY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS, JACKSON PAVELKA'S AND KAYLEE PAVELKA'S, CLASS ACTION COMPLAINT

Under penalty of perjury, I declare as follows:

1.    My name is Gustav Renny. I am over 21 years of age and am competent to give testimony.

2.    I make the statements in this declaration based on my personal knowledge, including knowledge gained from my position as a consultant for Pelican Investment Holdings, LLC d/b/a AAP ("AAP").

3.    I am a permanent resident of Palm Beach County, Florida.

4.    I have resided in Florida since 1999.

5.    I have never lived in, or maintained a mailing address in, Texas and have never owned or leased any real property in Texas.

6.    I do not personally conduct any business in, or otherwise have financial ties to,



1

**EXHIBIT "1"**

Texas.

7.     I have never personally entered into a contract with a Texas resident and have never personally entered into a contract that was to be performed in whole or in part in Texas.

8.     I do not, and have not ever had any continuing and systematic contacts with the State of Texas.

9.     I have never maintained a bank account in the State of Texas.

10.    I have never committed a tort in whole or in part in the State of Texas.

11.    I have only been to the State of Texas on two occasions, both in 2011. Specifically, the first time I visited Texas was to see the Super Bowl and the second time I had a layover from a flight home from California.

12.    I am a consultant for AAP with regard to compliance.

13.    I am not the alter ego of AAP.

14.    I am not a corporate officer, director, owner or member of AAP.

15.    I have never comingled any of my personal assets or funds with that of AAP, I have never paid any debts of AAP with my personal funds, and I have never personally promised to pay the debts of AAP.

16.    I have read Plaintiffs, Jackson Pavelka's and Kaylee Pavelka's ("Plaintiffs"), Complaint and I specifically deny that I did anything to invoke the jurisdiction of this Court.

17.    I did not make any telephone calls to Plaintiffs' cellular telephone numbers (817) 805-4742, which alleged call form the basis for Plaintiffs' claims set forth in the Complaint ("Subject Call"). Furthermore, I did not have any role in making the Subject Call, I did not direct anyone to make the Subject Call and I did not have knowledge that the Subject Call was allegedly being made.

18.     I declare under penalty of perjury that the foregoing is true and correct.

FURTHER SAYETH NAUGHT.

### **DECLARATION**

Executed on this _____ day of March, 2022 in Palm Beach County, Florida.

_____

GUSTAV RENNY

3